**Furtis DOFFONEY**

v.

**BOARD OF TRUSTEES FOR BEAUMONT INDEPENDENT SCHOOL DISTRICT, et al.**

**Civ. A. No. B–88–00313–CA.**

United States District Court,
E.D. Texas,
Beaumont Division.

Jan. 30, 1990.

See also 731 F.Supp. 781.

Patrick J. Gilpin, Houston, for plaintiff.

Robert J. Hambright, Orgain, Bell & Tucker, Tanner T. Hunt, Wells, Peyton, Beard, Greenberg, Hunt & Crawford, Beaumont, for defendants.

## MEMORANDUM OPINION AND JUDGMENT

COBB, District Judge.

The plaintiff, Furtis Doffoney, who is black, brought suit under 42 U.S.C. §§ 1981 and 1983, and 42 U.S.C. § 2000e, *et seq.* ("Title VII"). Doffoney alleged he was racially discriminated against when he was discharged by the Beaumont Independent School District ("BISD"). He named as defendants BISD, its Board of Trustees, and two of its employees, former superintendent O.C. "Mike" Taylor, and Director of Facilities Gary Lewis. The claims under 42 U.S.C. §§ 1981 and 1983 were tried to a jury, which returned a finding of no racial discrimination by any of the defendants. The Title VII claim was simultaneously tried to the bench. Accordingly, this court makes the following:

### FINDINGS OF FACT

1. Doffoney was hired by BISD November 7, 1983, as a custodian.

2. On October 2, 1984, he was made head custodian at South Park High School.

3. Doffoney was then made head custodian at Marshall Middle School for the 1986–87 school year.

4. On September 18, 1985, Doffoney, with others, met with a school board trustee to discuss the school district's grievance procedure.

5. BISD has a four-level grievance procedure for non-certified employees.

6. In early 1986, Doffoney grieved his 1985 performance evaluation. The grievance was denied by Lewis at Level I, Taylor at Levels II and III, and did not proceed to Level IV.

7. In March of 1987, Doffoney pled guilty to a misdemeanor count of possession of marijuana.

8. On March 26, 1987, Doffoney was suspended from his duties pending an investigation of the charge of possession of marijuana.

9. On March 31, 1987, Doffoney grieved this suspension. The grievance was denied by Lewis at Level I, and apparently did not proceed to Level II.

10. On May 7, 1987, Doffoney was discharged, after BISD had ascertained he had in fact pled guilty to the marijuana charge.

11. Gary Louviere, a similarly situated white employee, was discharged when BISD learned that he had pled guilty to a drug offense. Louviere is currently litigating that discharge. (*Louviere v. Board of Trustees of Beaumont Independent School District, et al,* B–89–00368–CA).

12. Raymond Roy, a similarly situated white employee, was discharged when BISD learned he had been arrested for a drug offense.

13. C.C. Davidson, a white employee with a contract (unlike Doffoney, Louviere, and Roy), resigned upon BISD's request after BISD learned Davidson had been charged with possession of marijuana.

14. BISD has, and at all times relevant to this lawsuit had, a policy against drug use by its employees.

## CONCLUSIONS OF LAW

1. Doffoney adduced no evidence whatsoever at trial that he was treated differently than similarly situated white employees.

2. BISD advanced the legitimate, non-discriminatory reason of its policy against drug use as explanation for Doffoney's discharge.

3. Doffoney adduced no evidence that BISD's proffered reason was pretextual.

4. Doffoney adduced no evidence that his grievance of March, 1987, was denied because of his race.

5. Doffoney failed to show that his grievance of 1986 indicated a pattern of racial discrimination in grievance handling by any of the defendants.

Doffoney has failed to meet the plaintiff's burden under Title VII. Therefore, judgment is entered for the defendants.